## THE LEVIATHAN.

### SHERBO v. UNITED STATES.

No. 13591.

District Court, E. D. New York.

Aug. 18, 1933.

Lampke & Stein, of New York City (William H. Darrow, of New York City, of counsel), for libelant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

The libelant, Alba G. Sherbo, then an infant nineteen years of age, sailed on the Leviathan on December 15, 1927, from the port of Cherbourg, France, to the port of New York.

Prior to November 26, 1927, the libelant purchased her passenger ticket. The libelant, who was the owner of a trunk which contained personal property, delivered the same to the respondent on or about the 15th of December, 1927, for the purpose of having it transported upon the Leviathan. While the trunk was being loaded onto the Leviathan, the trunk and its contents were allowed to fall and drop into the water, causing damage to the trunk and its contents. This constituted negligence, which is conceded by the respondent.

The passenger ticket, which was purchased by the libelant, contained the following provisions on the face side thereof: "The Luggage carried under this engagement, whether in excess of 200 lbs. or 20 cubic feet, or not, shall be deemed to be of a value not exceeding 20 pounds sterling unless the value in excess of that sum be declared and paid for."

On the reverse side of the ticket appeared the following provisions:

"4. Neither the Shipowner, Agent, Master or Passage Broker shall be liable as carrier in any form or manner for any articles specified in Section 4281 of the Revised Statutes of the United States, shipped or taken on the vessel by any passenger in any baggage, unless the passenger at the time of such lading shall give to the Shipowner, Master, Agent, Clerk or Broker of the vessel, a written notice of the true character and val-

ue thereof, and, if required, produce the same for inspection and have the same entered on a Bill of Lading therefor, or unless such articles be delivered into the personal custody of the Purser of the vessel, and the true character and value thereof stated in writing; and in the event of such deposit, neither the vessel, her Owner, Master, Agent or Passage Broker shall be liable in respect of the articles deposited beyond the sum of 20 pounds sterling, which sum it is mutually agreed that the value of the articles does not exceed, unless value in excess of that sum be declared, and a further charge thereon be paid or tendered in advance on the excess value at the rate of 1 per cent. Neither the Shipowner, Master, Agent or Passage Broker shall be liable for the loss of or damage to any such article when arising from any of the causes enumerated in clause 3, nor in any event beyond the value and according to the character thereof notified and entered as aforesaid, nor except as may be provided by the Bill of Lading if a Bill of Lading is issued, or by the certificate of deposit if the property be deposited."

"5. In the event of the loss of, or damage to, or delay in the delivery of the baggage of any passenger carried under this contract, or a part thereof, for which the shipowner may be liable, it is subject to the preceding clause hereof mutually agreed that such liability shall not exceed the sum of 20 pounds sterling, which sum it is agreed the value thereof does not exceed, and to which value the Shipowner, subject to clause 6, undertakes to carry the same free of charge, unless the passenger, before embarkation under this contract, shall declare in writing to the Shipowner, Agent or Passage Broker the true value of such baggage, if in excess of 20 pounds sterling, and shall pay or offer to pay in advance on the value thereof in excess of 20 pounds sterling of the rate of 1 per cent."

The libelant contends that the conditions printed upon the reverse side of the ticket are not a part of the contract, that these conditions were not specifically called to libelant's attention, and that she was an infant at the time the contract was made, and therefore the contract was not binding upon her.

The law is well settled that carriers of passengers, by specific regulations distinctly brought to the knowledge of the passenger which are reasonable in their character and not inconsistent with any statute or their duties to the public, may protect themselves against liability, as insurers, for baggage exceeding a fixed amount in value, except upon additional compensation proportioned to the risk. New York Central & Hudson River R. R. Company v. Fraloff, 100 U. S. 24, 25 L. Ed. 531.

Where the language of the valuation clause contains notice to the shipper or passenger of a definite agreed valuation or limitation unless a higher value is declared and increased compensation paid to the carrier, the liability of the carrier must be measured by the ordinary valuation, since it has received only the ordinary rate. Hart v. Pennsylvania R. R. Co., 112 U. S. 331, 5 S. Ct. 151, 28 L. Ed. 717.

The clause appearing on the face of the ticket herein contains all the necessary elements of an agreed valuation. For the purposes of the contract, the parties agreed that the baggage shall not exceed twenty pounds in value, and the further definite notice to the passenger that a value in excess of that sum may be declared, which shall govern, provided increased compensation is paid to the carrier. If there was any doubt as to the meaning of the clause in question, such a doubt would be clarified by the reference which is invited by the words "see back," which appears on the face of the ticket referring to the reverse side thereof, which contains a more complete clause. The clause contained on the face side of the ticket stated the value which should govern the rights of the parties, unless a greater value should be declared and on the reverse side thereof incorporated by reference the alternative rate, and it is therefore a valid valuation clause. The fact that the libelant was an infant at the time of the voyage does not relieve her from compliance with the valuation clause of the ticket on which she traveled. Evelyn v. International Mercantile Marine Co. (D. C.) 35 F.(2d) 47.

The libelant is therefore entitled to a decree in the sum of 20 pounds sterling, with interest and costs.

Settle findings and decree on notice.